IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              No. 1:15-cr-10003

JEFFERY HAYWOOD                                                                             DEFENDANT

## ORDER

Before the Court is Defendant Jeffery Haywood's Motion for Jail Time Credit. ECF No. 34. No response is necessary, and the matter is ripe for the Court's consideration.

Defendant pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). The Court held a sentencing hearing on July 20, 2016. At that time, the Court sentenced Defendant to one hundred twenty-seven (127) months and thirteen (13) days imprisonment to run concurrently with a sentence imposed by the Circuit Court of Ouachita County, Arkansas in criminal case number 2014-262-2. ECF No. 32, at 2.

In the instant motion, Defendant seeks "clarity on the Court's sentencing decision" in the instant matter. Defendant states that he is "currently housed" in the Federal Correctional Institution in Forrest City, Arkansas. He further states that the "officials" at that facility informed him that he will not "receive credit for the time served in State custody." Defendant asks the Court to explain its sentencing decision.

There is no language in the Court's judgment providing for credit for time served. *See* ECF No. 32. However, "Congress has indicated that computation of the credit must occur after the defendant begins his sentence," and a district court therefore does not award credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 333 (1992). "After a district court sentences a federal offender, the Attorney General, through the [Federal Bureau of Prisons ("BOP")], has the

responsibility for administering the sentence." *Id.* at 335.  Thus, the BOP determines when a federal sentence commences and whether a defendant should receive credit for time spent in custody.  *See United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996).  Administrative procedures exist within the BOP to review an alleged failure to credit the time a defendant has served.  *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *see also* 28 C.F.R. § 542.10-542.16 (describing the BOP's administrative remedy program).

Stated simply, "because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Wilson*, 503 U.S. at 335.  If Defendant does not receive credit for time served and wishes to challenge that decision, he must first exhaust the administrative remedies available to him.  If he receives an adverse decision, he may then seek judicial review by filing a habeas corpus petition under 28 U.S.C. § 2241.  *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).  Any such petition must be filed in: (1) the federal judicial district where the movant is incarcerated, (2) the United States District Court for the District of Columbia, or (3) any federal judicial district where the BOP maintains a regional office.  *See United States v. Chappel*, 208 F.3d 1069, 1070 (8th Cir. 2000).

**IT IS SO ORDERED**, this 28th day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2